# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN G. HOSE, | )<br>)<br>) |
| Plaintiff, | )<br>) 2:12-cv-1748 |
| v. | )<br>)<br>) |
| BUCA, INC., PLANET HOLLYWOOD *(PHWDQ.PK)* and BUCA FINANCING LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION TO DISMISS UNDER RULE 12(B) FOR FAILURE TO STATE A CLAIM (ECF No. 25) with brief in support (ECF No. 26), filed by Defendants Buca, Inc., Planet Hollywood International, Inc., and Buca Financing LLC. Plaintiff Edwin G. Hose proceeding pro se filed a response (ECF No. 29) and brief in opposition (ECF No. 30). Accordingly, the Motion is ripe for disposition.

### I. Background

The parties and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at any length again. *See Hose v. Buca*, No. 07-cv-00242 (W.D. Pa. filed Feb. 26, 2007); *see also Hose v. Glanby*, No. 12-cv-1827 (W.D. Pa. filed Dec. 16, 2012). The following is only a brief recitation of the procedural history salient to the issues presently before the Court.

Plaintiff filed his Complaint on December 9, 2012 in which he alleges various securities violations by Defendants, cites numerous criminal statutes, accuses Defendants and its employees of committing those federal crimes, seeks the launching of an investigation into what

he perceives as improper accounting by Defendants, and demands a plethora of damages. To put it mildly, the Complaint is hardly a model of clarity.

The filing of the December 2012 Complaint is not, however, the Court's first experience with Plaintiff as a litigant. Roughly four years ago, Plaintiff and Eric Irvine Hose filed an employment discrimination suit against Defendants Buca, Inc. and Buca di Beppo; both individuals were represented by counsel throughout the entire litigation. The matter was referred to United States Magistrate Judge Lenihan who ultimately wrote a Report and Recommendation granting in part and denying in part Defendants' Motion for Summary Judgment which this Court approved and adopted in full. Magistrate Judge Lenihan thereafter proceeded to conduct a settlement conference during which the parties appeared to reach a settlement agreement, and the court terminated the case. Nevertheless, Counsel for Plaintiffs filed a Motion to Reopen the Case almost two weeks later in which she claimed that Edwin Hose "was not in the proper frame of mind when he accepted the settlement" and Eric Hose "was not present to make a decision regarding the case [and] he [did] not wish to consent to the settlement." *Hose v. Buca*, No. 07-cv-00242 (W.D. Pa. filed Feb. 26, 2007) (ECF No. 54). Magistrate Judge Lenihan issued an Opinion on the matter, reopening the case after she concluded that Counsel for Plaintiffs did not have settlement authority from Eric Hose. The case was referred back to this Court for trial, but the parties filed a stipulation in April 2009 voluntarily dismissing all claims with prejudice.

Approximately three years after that case settled, Plaintiff filed a pro se Amended Complaint at the same civil action number. Much like the present Complaint, that filing sought the criminal prosecution of his attorney and various individuals employed by Defendants, alleged securities violations, requested the revocation of all business licenses issued to Defendants by the Commonwealth and the immediate closure of all Buca di Beppo restaurants operating in

Pennsylvania, and averred that his previous attorney lacked the authority to settle his case. This Court dismissed the Complaint without prejudice, advising Plaintiff that he may commence a new civil action by filing a Complaint in accordance with Federal Rule of Civil Procedure 3 and by paying the applicable filing fee.

Apparently having heeded the Court's guidance, Plaintiff filed this action in December 2012 and a related action against his previous attorney which he did not pursue after his motion for leave to proceed *in forma pauperis* had been denied in that case. *See Hose v. Glanby*, No. 12-cv-1827 (W.D. Pa. filed Dec. 16, 2012). This Complaint omits virtually all references to that which Plaintiff perceives as poor representation in the initial employment discrimination matter.

Defendants filed a Rule 12(b)(6) Motion in response to the Complaint, submitting three arguments in support of dismissal: (1) that the Complaint is facially defective under the federal pleading standards; (2) that the actual legal theories in the Complaint are incurably defective; and (3) that the applicable statute of limitations and preclusion principles bar Plaintiff's attempt to resurrect his Title VII claim. Defendants also request that the Court not grant leave to amend.

Plaintiff filed a responsive brief in opposition in which he challenges the positions of Defendants and advances additional theories to support the allegations made in his Complaint. Of course, it is black-letter law that when ruling on a motion to dismiss, the Court is constrained to look only at the allegations of the Complaint and those materials properly subject to judicial notice. The Court now turns to the respective positions advanced by the parties.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) When reviewing a motion to dismiss, the Court must accept

all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual

allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III.    Discussion

When a complaint is pro se, the allegations should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). This greater leeway given to pro se litigants includes flexibility when applying procedural rules, meaning that courts are "willing to apply the relevant legal principal even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)).

This less stringent standard does not, however, excuse a plaintiff of the baseline requirements for pleading. *See id.* (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)). "At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). Thus, even a pro se complaint must contain sufficient factual material to state a plausible claim for relief.

For the reasons that follow, the Court concludes that Plaintiff's Complaint does not even meet the liberal federal pleading standards such that dismissal with prejudice is appropriate.

A. Plaintiff's Complaint Fails to Meet the Requirements of Rule 8

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While the relationship between Rule 12(b)(6) and Rule 8(a)(2) is elaborated above, it is crucial to reiterate that the claim must show entitlement to relief with facts, rather than blanket assertions or incomprehensible passages. *See Gutierrez-Castro v. United States*, 3:12-CV-2608, 2013 WL 572508, at *4 (M.D. Pa. Jan. 3, 2013), *report and recommendation adopted*, 3:12-CV-2608, 2013 WL 572478 (M.D. Pa. Feb. 13, 2013) (collecting cases dismissing complaints as illegible, illegal, incomprehensible or when the pleading simply cannot be understood) (citations omitted).

These principles control here and compel dismissal of this Complaint. At the outset, Plaintiff begins by referencing his 2007 employment discrimination lawsuit and taking aim at his former attorney.[1] Possibly recognizing that the 2007 matter was settled by a stipulation of voluntary dismissal with prejudice pursuant to Rule 41, Plaintiff next turns his attention to allegations of securities violations by Defendants and criminal violations by their employees. The Complaint largely becomes incomprehensible at this point, setting forth a disjointed narrative regarding his purported identification of Planet Hollywood International, Inc. as a suspicious entity and its allegedly questionable relationship with Buca, Inc. The Complaint's "Statement of Facts" closes with a reference to the "applicability" of various provisions of Title 18 of the United States Code, which Plaintiff proceeds to cite under "Claim I."[2] Plaintiff then to

---

1. While the Court certainly appreciates that it must be willing to apply the relevant legal principal in pro se matters even when a litigant has failed to name it, the Court will not treat a fleeting reference to and conclusory allegations about purported irregularities in the 2009 settlement contained in paragraph five of the complaint as setting forth an adequate request for Rule 60 relief. The gravamen of the Complaint instead sounds in securities violations, and the more serious challenges to the settlement appear in a related case which the Court dismissed after denying Plaintiff's motion for leave to proceed *in forma pauperis*. The Court likewise concludes that any challenge to the 2009 settlement roughly four years later is not brought within a reasonable time.
2. Those statutes cited relate to false statements; bank entries, reports, and transactions; naturalization, citizenship, or alien registry; official certificates or writings; title records; fraud and related activity in connection with electronic

his ad damnum clause in which he demands various forms of relief, including the initiation of an investigation into crimes allegedly committed by Defendants' employees and into the financial statements of Defendants, compensatory, punitive, and nominal damages, reasonable attorneys' fees, and other relief the Court deems just when taking the amount listed in his demand letter ($2,500,000.00) into account. Notably absent from Claim I are any intelligible facts or solid legal theories that could be read to establish a cause of action.

Indeed, the only colorable legal theory in Plaintiff's Complaint—a Fourteenth Amendment Due process violation—cannot withstand scrutiny. The Supreme Court of the United States has made clear in *Shelley v. Kraemer* that the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." 334 U.S. 1, 13 (1948). Likewise, the Supreme Court has consistently held that "'[t]he mere fact that a business is subject to state regulation . . . does not convert its action into that of the State for purposes of the Fourteenth Amendment.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974)). The Complaint asserts no allegation that the presumably private entities named as Defendants constitute state actors or that they acted as the agents of any governmental body. Accordingly, the Court will not permit Plaintiff to proceed with this unjustifiable claim or to relitigate his employment discrimination suit in contravention of the statute of limitations and preclusion principles.

---

mail; public money, property, or records; custodians, generally, misusing public funds; flight to avoid prosecution or giving testimony; conspiracy against rights; perjury generally; subornation of perjury; power of court; contempts constituting crimes; accessory after the fact; and statements or entries generally. To the extent that Plaintiff relies on this laundry list of federal criminal statutes as the basis for his due process claim, the Court notes that none of the statutes provide a private cause of action and that Plaintiff lacks standing to compel federal criminal charges against Defendants or anyone else for that matter. *See Obianyo v. Tennessee*, CIV.A. 12-5320 NLH, 2012 WL 6729031, at *2 (D. N.J. Dec. 28, 2012) (citing *Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("[T]he United States and its attorneys have the sole power to prosecute criminal cases in the federal courts . . . ."); *Wingate Inns, Int'l, Inc. v. HighTech Inn.com, LLC*, No. 07–5014, 2009 WL 5216978, at *6 (D. N.J. Dec. 29, 2009) (finding private citizen may not bring a criminal action)).

B. <u>Leave To Amend</u>

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.2004). A district court must provide the plaintiff with this opportunity in civil rights cases even if the plaintiff does not seek leave to amend. *Id.* In non-civil rights cases, however, a plaintiff must seek leave to amend and submit a draft amended complaint. *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007).

The Court finds that there is no logical construction of the Complaint in this case from which to derive a viable claim against Defendants, and the deficiencies of the Complaint cannot be cured by amendment. Moreover, the Complaint fails to show Plaintiff's entitlement to relief with any specific facts, and is thus insufficient to put Defendants on notice of the facts and claims pled against them. Even under the less stringent standard which a pro se complaint is held, this absence of any factual allegations against Defendants requires that the Motion to Dismiss be granted without leave to amend.

## IV. Conclusion

For the reasons hereinabove stated, the Court will grant to Defendants' Motion to Dismiss. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN G. HOSE, | ) <br> ) <br> ) |
| Plaintiff, | ) 2:12-cv-1748 <br> ) |
| v. | ) <br> ) |
| BUCA, INC., PLANET HOLLYWOOD *(PHWDQ.PK)* and **BUCA FINANCING LLC**, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## ORDER OF COURT

AND NOW, this 26th day of April 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that MOTION TO DISMISS UNDER RULE 12(B) FOR FAILURE TO STATE A CLAIM (ECF No. 25) is **GRANTED** in its entirety. The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Edwin G. Hose**
(via first-class and certified mail)

**Matthew T. Newcomer, Esquire**
Email: mnewcomer@postschell.com
**Peter D. Hardy, Esquire**
Email: phardy@postschell.com
**Kathleen M. Chancler, Esquire**
Email: kchancler@postschell.com